IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION ELLERBY,<br>　　Plaintiff<br><br>v.<br><br>LEHIGH COUNTY PRISON, *et al.*,<br>　　Defendants | :<br>:<br>:<br>:　CIVIL ACTION NO. 20-2428<br>:<br>:<br>: |

**MEMORANDUM**

**PRATTER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUNE 9, 2020

　　Damion Ellerby is an inmate currently confined at Lehigh County Prison. He has filed this civil rights action pursuant to 42 U.S.C. § 1983 to challenge his placement with another inmate in the same unit following an altercation. In his suit he names as defendants Lehigh County Prison, Steave Miller (identified as the "Deputy Warden of Treatment"), Warden Kyle Russell, and "all personnal invole", which the Court interprets as all personnel involved. Mr. Ellerby seeks leave to proceed *in forma pauperis*. For the following reasons, the Court grants Mr. Ellerby leave to proceed *in forma pauperis*, dismisses his Complaint, and grants him leave to file an amended complaint.

**I.　　FACTUAL ALLEGATIONS**

　　Mr. Ellerby alleges that Defendants "acted recklessly when they knowingly place[d] [him] and Taijon Edwards back on the same housing unit, same tier and right next door to each other" following a fight between the two inmates. (ECF No. 2 at 4.)[1] Mr. Ellerby avers that the prison officials and treatment team violated his Eighth Amendment rights by acting "with

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

deliberate indifference, when they ignore[d] an obvious and serious danger by exposing [him] and Taijon Edwards to an unreasonable risk of harm by placing [them] back together after [their] previous misconduct when [they] had a fight." (*Id.* at 4-5.) Mr. Ellerby further asserts that corrections officer Matthew Jordan had notified his supervisor and prepared an incident report prior to Mr. Ellerby and Mr. Edwards being written up for fighting on March 13, 2020, but Officer Jordan's supervisor allegedly responded "let's see it play out" rather than taking action to separate the inmates. (*Id.* at 5.) Mr. Ellerby also alleges that Mr. Edwards was not due to be released from the "hole" until March 20, 2020, but "they" decided to release both of them on the same date and time (March 13, 2020), "which means they acted with deliberate indifference to [the] safety and wellbeing" of Mr. Ellerby and Mr. Edwards. (*Id.*)

Mr. Ellerby alleges that the second fight that occurred between him and Mr. Edwards was "due to the circumstances" they were placed in, "not because [they] had a choice." (*Id.* at 6.) Mr. Ellerby avers that the first misconduct report makes it clear that they should have been separated. (*Id.*) Mr. Ellerby avers that "[t]hey knew the risk factor and still place[d] us together" showing "deliberate indifferences to [their] safety and well-being." (*Id.*) Mr. Ellerby asserts that the altercation was "reasonably foreseeable." (*Id.*)

Mr. Ellerby also claims that he has experienced daily migraines since the incident and will "have a scar on [his] face for life." (*Id.* at 5.) He seeks the removal of Steave Miller, his treatment team, and the Lehigh County prison warden. (*Id.* at 4.) Mr. Ellerby also seeks monetary damages in the amount of five million dollars for the violation of his Eighth Amendment rights, as well as punitive damages.

## II.  STANDARD OF REVIEW

The Court will grant Mr. Ellerby leave to proceed *in forma pauperis* because it appears that he is unable to pay the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Ellerby is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit Court of Appeals recently explained that in determining whether a pleading meets Rule 8's plain statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the plain statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it

---

[2] However, because Mr. Ellerby is a prisoner, he is obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

The statutory vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A. Mr. Ellerby's Complaint Fails to State a Claim

Mr. Ellerby's Complaint does not specifically attribute conduct to any individual defendant. Rather, he describes the events in a conclusory and generalized manner by averring that "Lehigh County Prison, the warden, Steave Miller and the treatment team acted recklessly when they knowingly place[d] me and Taijon Edwards back on the same housing unit, same tier and right next door to each other." (ECF No. 2 at 4.) Other allegations in the Complaint state that allegedly improper conduct was committed by "prison officials" and "the treatment team." (*Id.*) Mr. Ellerby's Complaint also names as a defendant all personnel involved, and there are multiple references in the Complaint to actions "they" took or failed to take. (*Id.* at 1, 4-5.) Mr. Ellerby does not make sufficiently clear to whom he is referring to by the use of "they" and all personnel involved.

Even construing this Complaint liberally, these pleading deficiencies seriously impede the Court's review of the claims, much less a defendant to meaningfully respond to the pleading. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). In a § 1983 action, the personal involvement

5

of each defendant in the alleged constitutional violation is a required pleading element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Mr. Ellerby has made no allegations describing how any specific individuals were personally responsible for any alleged constitutional violations. His references to "prison officials," the "treatment team," and "they" is not sufficient to put anyone on notice to prepare a defense, and the Complaint does not ensure that the Court is sufficiently informed of the facts to determine the relevant legal issues. Indeed, there are no specific allegations at all in the Complaint as to named Defendants Miller or Russell.

While Mr. Ellerby has failed to state a plausible claim at this time, the Court will not find that Mr. Ellerby could not, if granted the opportunity, state a plausible claim for relief against appropriate defendants. Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Mr. Ellerby will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with the case. In so doing, however, Mr. Ellerby should be mindful that his present Complaint is deficient for other reasons as well.

### B. Claims Against Lehigh County Prison

Mr. Ellerby names "Lehigh County Prison" as a defendant in this case. If he intends to bring a claim against the prison based on the events that he alleges occurred there, his claims fail because the prison facility "is not a legal entity susceptible to suit" under Section 1983. *Cephas*

v. *George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *see also Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

### C.  Supervisory Liability Claims

Mr. Ellerby names Deputy Warden Miller (identified as the "Deputy Warden of Treatment") and Warden Russell (identified as the Warden) as defendants. (ECF. No. 2 at 1.) There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable for "'deliberate indifference to the consequences, [if supervisor] established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Mr. Ellerby does not allege that either Warden Miller or Warden Russell with deliberate indifference to the consequences, maintained a policy, practice or custom that resulted in the conduct that allegedly violated Mr. Ellerby's constitutional rights, nor does he allege that either of these defendants participated in or directed the alleged improper conduct. In fact, there are no

factual allegations that either of them were involved in any of the allegedly improper conduct.[3] In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.2d at 1207. Because Mr. Ellerby does not allege how Deputy Warden Miller or Warden Russell were involved in the alleged violation of his constitutional rights, the claims against them are not sufficient will be dismissed.

## IV.   CONCLUSION

The Court will grant Mr. Ellerby leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will allow Mr. Ellerby to file an amended complaint within thirty (30) days if he can state a plausible claim against an appropriate defendant or defendants. If Mr. Ellerby fails to file an amended complaint, his case will be dismissed for failure to prosecute. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

[3] It appears from the attachments to Mr. Ellerby's Complaint that Mr. Miller signed off as a staff member after rendering a disposition on at least two of Mr. Ellerby's requests to staff concerning the March 2020 altercation with Mr. Edwards. (ECF No. 2 at 7-8.) It further appears that Warden Russell issued a Memorandum on April 6, 2020 with respect to Mr. Ellerby's appeal of a grievance. (*Id.* at 16.) To the extent that Mr. Ellerby alleges a violation of his rights with respect to the denial of his grievances, the Court notes that claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).