IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION ELLERBY, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 20-2428 |
| : | |
| STEVE MILLER, *et al.*, : | |
|     Defendants : | |

## MEMORANDUM

**PRATTER, J.**                                                                                       JANUARY  , 2021

By Memorandum and Order of June 9, 2020 (Docs. No. 4 and 5), the Court granted *pro se* Plaintiff Damion Ellerby leave to proceed *in forma pauperis*, dismissed his claims against Lehigh County Prison with prejudice, dismissed the remainder of his Complaint without prejudice, and granted him leave to file an amended complaint. Mr. Ellerby, a pretrial detainee at Lehigh County Prison ("LCP"),[1] filed his Amended Complaint on October 16, 2020. For the following reasons, the Court will dismiss his Amended Complaint, and grant him leave to file a second amended complaint.

## I. FACTUAL ALLEGATIONS

Mr. Ellerby alleges that "Steave Miller[2] acted with deliberate indifference when he ignore[d] obvious and serious dangers by exposing" him and fellow inmate, Taijon Edwards, to "an unreasonable risk of harm" by placing them together in close proximity following their

---

[1] Although Mr. Ellerby does not specify his status at LCP, a review of publicly available records shows that he is awaiting trial on various charges. *See Commonwealth v. Ellerby*, CP-39-CR-0003615-2019 and CP-39-CR-0003616-2019 (CP Lehigh).

[2] The spelling of Mr. Miller's first name is not consistent in Mr. Ellerby's pleadings.

1

previous altercation. (ECF No. 11 at 1.)[3] Mr. Ellerby avers that Mr. Miller is in charge of treatment and the placement of inmates from the behavioral housing unit into general population. (*Id.*) Mr. Ellerby further avers that inmates are not returned to general population without Mr. Miller's approval. (*Id.*)

Mr. Ellerby asserts that although Mr. Miller had told inmate Mr. Edwards that he would not be returning to general population until March 20, 2020, Mr. Miller decided to place Mr. Edwards on the movement list the same day (March 13, 2020) that Mr. Ellerby was to return to general population. (*Id.*) According to Mr. Ellerby, Corrections Officer Matthew Jordan[4] filed an incident report concerning the transfer of both inmates to the same housing unit and tier on the same day. (*Id.*) C.O. Jordan also expressed concern to his supervisor, Lt. Dawson,[5] who responded, "let['s] see it play out." (*Id.*) Mr. Ellerby and Mr. Edwards had a second altercation during the transfer. (*Id.* at 1-2.) Mr. Ellerby avers that he suffers from daily migraines, and he has a scar on his face under his right eye. (*Id.* at 2.) Presumably he believes these conditions arose following the altercation with Mr. Edwards.

Mr. Ellerby contends that Mr. Miller violated his Eighth Amendment rights, and he continues to use the same tactics on inmates. (*Id.* at 1-2.) Mr. Ellerby seeks $5 million in damages for the violation of his Eighth Amendment rights as well as punitive damages. (*Id.* at 2.)

---

[3] The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF system.

[4] C.O. Jordan is not named as a defendant in this action.

[5] Lt. Dawson is not named as a defendant in this action.

## II.     STANDARD OF REVIEW

Because Mr. Ellerby has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Amended Complaint and dismiss it if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to Federal Rule of Civil Procedure 12(b)(6), motions to dismiss *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Ellerby is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The stationary vehicle by which federal constitutional claims may be brought in federal court provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal

3

involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A. Deliberate Indifference Claim

Mr. Ellerby cites the Eighth Amendment as a basis for his constitutional claim. However, the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In general, to allege a sufficiently culpable state of mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we

4

have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees.") (internal citations omitted).

In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, the Third Circuit Court of Appeals has stated that prison officials may be deliberately indifferent to a pervasive risk of harm to an inmate where: (1) the officials are warned by an inmate that the inmate is objectively concerned about his safety and, (2) aware of the warning, the officials either do nothing or their response, if any, comes too late to be of any help to the inmate. *See Young v. Quinlan*, 960 F.2d 351, 361, 363 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000)). In elaborating on the deliberate indifference standard in that situation, the Court of Appeals stated that "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Id.* at 361. Noting that the phrase "should have known" is a term of art, the Court explained that the phrase "should have known"

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk . . ., though something less than subjective appreciation of that risk.

*Id.*, citing *Colburn v. Upper Darby Township*, 946 F.2d 1017 (3rd Cir. 1991). Furthermore, the "'strong likelihood' of [harm] must be 'so obvious that a lay person would easily recognize the necessity for' preventive action." *Young*, 960 F.2d at 361, (citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987)). In other words, there must not only be a great risk of injury, but it must also be so apparent "that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." *Colburn*, 946 F.2d at 1025.

Mr. Ellerby's allegation concerning the threat to his safety from being transported on the same day and/or being placed on the same cell block as Mr. Edwards is insufficient to state a plausible claim against Mr. Miller under this standard. Other than his conclusory assertion that Mr. Miller acted with deliberate indifference, which is insufficient under *Iqbal*, the only substantive allegation Mr. Ellerby makes is that C.O. Jordan filed an incident report concerning the transfer to which C.O. Jordan's supervisor responded, "let['s] see it play out." (ECF No. 1 at 1.) This does not plausibly allege that Mr. Miller was deliberately indifferent to a pervasive risk of harm because Mr. Ellerby alleges nothing more than that Mr. Miller failed to appreciate the risk of another altercation.

The Court cannot, however, say at this time that Mr. Ellerby could never allege a plausible claim based on a deliberate indifference theory. Accordingly, the claim will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), and Mr. Ellerby is granted leave to file a second amended complaint if he can cure the defects the Court has identified in this Memorandum.

### B. Supervisory Liability Claim Against Warden Russell[6]

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

---

[6] Mr. Russell is not specifically named as a defendant in Mr. Ellerby's Amended Complaint, nor are there any allegations concerning him. In the Court's prior Order granting leave to file an Amended Complaint, Mr. Ellerby was directed to identify all defendants in the caption and the body of the amended complaint was he intended to sue. (ECF No. 5 at 2.) Mr. Ellerby did not include a caption in his Amended Complaint. (ECF No. 11.) Thus, it is not clear that Mr. Russell is intended to be a defendant. Interpreting Mr. Ellerby's claims liberally, and because Mr. Russell is still listed as a defendant on the docket, the Court considers these claims.

First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Although noted as a named defendant on the docket, there are no specific allegations in the Amended Complaint as to Kyle Russell. Mr. Ellerby does not allege that Mr. Russell, with deliberate indifference to the consequences, maintained a policy, practice or custom that resulted in the conduct that allegedly violated Mr. Ellerby's constitutional rights, nor does Mr. Ellerby allege that Mr. Russell participated in or directed the alleged improper conduct. In fact, there are no factual allegations in the Amended Complaint as to Mr. Russell. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.2d at 1207. Because Mr. Ellerby does not allege how Mr. Russell was involved in the alleged violation of his constitutional rights, the claims against Mr. Russell are not sufficient to survive screening and will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Ellerby's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will allow Mr. Ellerby to file a second amended complaint within thirty (30) days if he can state a plausible deliberate indifference claim against Mr. Miller or a plausible supervisory liability claim against Mr. Russell. If Mr. Ellerby fails to file a second amended complaint, his case will be dismissed for failure to prosecute. An appropriate order follows.

BY THE COURT:

_\[signature\]_

**GENE E.K. PRATTER, J.**