# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION ELLERBY,<br>    **Plaintiff** | :<br>:<br>: |
| v. | :     **CIVIL ACTION NO. 20-CV-2428** |
| STEVE MILLER, *et al.*,<br>    **Defendants** | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                             **FEBRUARY 15, 2022**

On March 30, 2021, the Clerk of Court docketed a Second Amended Complaint in this action filed by Plaintiff Damion Ellerby, proceeding *pro se*. (*See* ECF No. 15.) Mr. Ellerby presumably filed the Second Amended Complaint in accordance with the Court's January 28, 2021 Order. (*See* ECF No. 13.) However, before the Second Amended Complaint was docketed, the Court entered an Order dated March 24, 2021, which dismissed this matter with prejudice based on Mr. Ellerby's failure to timely file a second amended complaint. (*See* ECF No. 14.) Although the Court previously dismissed this matter, the Court will vacate the March 24, 2021 Order, reopen the case, and review the Second Amended Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court will dismiss the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Ellerby initiated this civil rights action in April of 2020 pursuant to 42 U.S.C. § 1983 alleging that various officials at Lehigh County Prison violated his rights with respect to his housing placement which resulted in a second physical altercation between him and another inmate, Taijon Edwards. The Court dismissed Mr. Ellerby's initial Complaint (ECF No. 2), filed

1

on April 8, 2020, by Memorandum and Order dated June 9, 2020. *See Ellerby v. Lehigh Cty. Prison*, No. 20-2428, 2020 WL 3089326, at *1 (E.D. Pa. June 9, 2020). As the Court explained, Mr. Ellerby's Complaint was dismissed in accordance with Federal Rule of Civil Procedure 8 because he failed to specifically describe how any named defendants were personally responsible for any alleged constitutional violations. *Ellerby*, 2020 WL 3089326, at *3-4. The Court found that his references to "prison officials," the "treatment team," and "they" were insufficient to put anyone on notice to prepare a defense, and that his Complaint did not sufficiently inform of the Court of the facts to determine the relevant legal issues. *Id.* Accordingly, the Court dismissed his claims against Lehigh County Prison with prejudice and granted Mr. Ellerby leave to file an amended complaint with respect to the remainder of his claims. *Id.* at *5.

Mr. Ellerby filed an Amended Complaint on October 16, 2020. (*See* ECF No. 11.) Although Mr. Ellerby's Amended Complaint did not contain a caption listing his intended defendants, his allegations made it clear to the Court that he intended to sue Steave Miller,[1] who had been previously identified as the "Deputy Warden of Treatment." (*See* ECF No. 2.) In his Amended Complaint, Mr. Ellerby alleged that "Mr. Miller acted with deliberate indifference when he ignore[d] obvious and serious dangers by exposing" him to "an unreasonable risk of harm" by placing him and Mr. Edwards back together following a previous altercation. (ECF No. 11 at 1.)[2] Mr. Ellerby asserted that although Mr. Miller had told inmate Mr. that he would not be returning to general population until March 20, 2020, Mr. Miller decided to place Mr. Edwards on the movement list the same day (March 13, 2020) that Mr. Ellerby was to return to

---

[1] The spelling of Mr. Miller's first name is not consistent in Mr. Ellerby's pleadings.

[2] The Court adopts the pagination assigned to Mr. Ellerby's documents by the CM/ECF system.

2

general population. (*Id.*) Mr. Ellerby and Mr. Edwards got into a second altercation during the transfer. (*Id.* at 1-2.) Mr. Ellerby contended that Mr. Miller violated his Eighth Amendment rights by transferring him and Mr. Edwards on the same day. (*Id.*)

In a Memorandum and Order dated January 28, 2021, the Court dismissed Mr. Ellerby's AC without prejudice. *See Ellerby v. Miller*, Civ. A. No. 20-2428, 2021 WL 309131, at *1 (E.D. Pa. Jan. 29, 2021). With respect to his claim of deliberate indifference, the Court determined that Mr. Ellerby's conclusory allegation concerning a threat to his safety from being transported on the same day and/or being placed on the same cell block as Mr. Edwards was insufficient to state a plausible claim against Mr. Miller. *Ellerby*, 2021 WL 309131, at *3. The Court noted that the only substantive allegation Mr. Ellerby made was that Correctional Officer Jordan filed an incident report concerning the transfer to which Officer Jordan's supervisor responded, "let['s] see it play out." (*Id.*) The Court concluded that this statement failed to plausibly allege that Mr. Miller, who was not Officer Jordan's supervisor, was deliberately indifferent to a pervasive risk of harm. (*Id.*) Noting the uncertainty as to whether Mr. Ellerby sought to name Warden Kyle Russell as a defendant in the Amended Complaint, the Court construed the Amended Complaint liberally and found that there were no specific allegations in the Amended Complaint as to Warden Russell sufficient to allege any potential claims for supervisor liability. (*Id.*) at *4. Accordingly, the Court concluded that Mr. Ellerby's failure to allege how Warden Russell was involved in the alleged violation of his constitutional rights warranted dismissal of any such claims against him. (*Id.*)

The Court's January 28, 2021 Order gave Mr. Ellerby thirty (30) days to file a second amended complaint if he could state a plausible deliberate indifference claim against Mr. Miller or a plausible supervisory liability claim against Warden Russell. (*See* ECF No. 13.) Mr.

3

Ellerby was also instructed that any second amended complaint was required to include all the bases for his potential claims without reference to any other documents filed in this case, and suggested he be mindful of the Court's reasons for dismissing his Amended Complaint. (*Id.*) The Court also explained that Mr. Ellerby could elect to stand on his Amended Complaint as filed by submitting a "Notice to Stand on Amended Complaint" within thirty (30) days and noted that if Mr. Ellerby failed to file any response to the Order, the Court would enter a final order dismissing his case. (*Id.* at 2-3.) Several weeks after Mr. Ellerby's time to respond to the January 28, 2021 Order had expired, the Court entered a final dismissal Order in this case dismissing the matter with prejudice. (ECF No. 14.)

While Mr. Ellerby's Second Amended Complaint was docketed by the Clerk on March 30, 2021, it appears that Mr. Ellerby signed his Second Amended Complaint on March 13, 2021. (*See* ECF No. 15 at 12.) Accordingly, it seems likely that Mr. Ellerby's Second Amended Complaint may have been submitted without knowledge of the March 24, 2021 dismissal Order given that when Mr. Ellerby filed his Second Amended Complaint he did not move for reconsideration of the dismissal Order.[3] Accordingly, in an abundance of caution, the Court will vacate its March 24, 2021 dismissal Order and proceed to screen Mr. Ellerby's Second Amended Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

In filing his Second Amended Complaint, Mr. Ellerby utilized a standard complaint form.[4] (ECF No. 15.) On page one of his Second Amended Complaint, the caption lists Steave

---

[3] The March 24, 2021 dismissal Order specifically instructed Mr. Ellerby that he must move for reconsideration in accordance with Federal Rule of Civil Procedure 59(e) and attach his proposed second amended complaint to that motion if he did not intend to stand on his Amended Complaint. (*See* ECF No. 14.)

[4] While Mr. Ellerby is the only Plaintiff named in the caption of the Second Amended Complaint, Mr. Ellerby listed both himself and Mr. Edwards as Plaintiffs in this action

Miller and Lt. Dawson as Defendants. (*Id.* at 1.) Mr. Ellerby indicates on page two of his Second Amended Complaint that Mr. Miller is being sued in his official capacity and Lt. Dawson is being sued in his individual capacity. (*Id.* at 2.) The allegations are brief. Mr. Ellerby contends, as he did in his Amended Complaint, that Mr. Miller "acted with deliberate indifference, when he ignore[d] the seperation [sic] between [him]self and Taijon Edwards, knowing [their] history" by placing them together on a housing unit on March 13, 2020 "despite the obvious dangers and warnings." (*Id.* at 5-6.) Mr. Ellerby further asserts that Mr. Miller was in control of all prison movement "so this did not go unnotice[d] by him." (*Id.* at 5.) Mr. Ellerby avers that Lt. Dawson was aware of the movement and could have stopped it "when he was alerted by Officer Jordan" but said "lets [sic] see how it plays out." (*Id.*) Mr. Ellerby alleges that "Officer Jordan had already filed a report" before he and Mr. Edwards "fought for the second time." (*Id.*)

Mr. Ellerby avers that because of the "deliberate indifference," he fought Mr. Edwards a second time and had to be seen by "medical." (*Id.* at 5-6.) Mr. Ellerby avers that he has a scar under his right eye and suffers from migraines most days of the week for which he receives medication. *(Id.)* Mr. Ellerby seeks $5 million in damages. (*Id.* at 6.)

---

in the section of the form complaint that asks for the information of each plaintiff. (*See* ECF No. 15 at 2.) Accordingly, it is unclear from the Second Amended Complaint whether Mr. Ellerby seeks to raise claims solely on his own behalf, on behalf of Edwards, or both. To the extent Mr. Ellerby seeks to raise any claims on behalf of Mr. Edwards, he is prohibited from doing so. A *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself. Accordingly, because Mr. Ellerby is appearing *pro se* and is not an attorney, he may not bring claims on behalf of another individual. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). Therefore, the Court will dismiss any putative claims asserted on behalf of Mr. Edwards without prejudice for lack of standing. Throughout the remainder of this Memorandum, the Court's analysis focuses on the claims alleged in the Second Amended Complaint as though they are brought solely on Mr. Ellerby's own behalf.

5

## II.    STANDARD OF REVIEW

Since Mr. Ellerby is proceeding *in forma pauperis*, his Second Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Ellerby is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019).

## III.    DISCUSSION

Consistent with his prior pleadings, Mr. Ellerby attempts to assert a deliberate indifference claim pursuant to § 1983. His intended defendants are now Messers Miller and Dawson, who are specifically listed in the caption as well as on page two of his Second

6

Amended Complaint.[5] As this Court has previously explained, the vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a

---

[5] Warden Russell remains on the docket as a defendant in this matter, but there is no mention of him by Mr. Ellerby in his Second Amended Complaint. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). This means that any amended pleadings must contain all of the defendants, claims against those defendants, and factual allegations in that pleading, rather than referring back to prior versions of the complaint. *See Argentina v. Gillette*, 778 F. App' x 173, 175 n.3 (3d Cir. 2019) (per curiam); *see also Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."). Accordingly, the Court will direct the Clerk of Court to terminate Mr. Russell as a defendant in this matter because Mr. Ellerby appears to have abandoned any claim against him.

7

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

## A. Deliberate Indifference Claims as to Messers Miller[6] and Dawson

Mr. Ellerby's Second Amended Complaint alleges that his constitutional rights were violated under both the Eighth Amendment and the Fourteenth Amendment. (ECF No. 15 at 3-4.) However, the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees.[7] *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In general, to allege a sufficiently culpable state of mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991);

---

[6] Although Defendant Miller is named only in his official capacity, construing the Second Amended Complaint liberally, the Court will also analyze the claims against him as if Mr. Ellerby named him in his individual capacity as well. The Court will address Mr. Ellerby's official capacity claims *infra*.

[7] Mr. Ellerby asserts in his Second Amended Complaint that he was a pretrial detainee in March 2020 when the alleged his fight with Mr. Edwards took place. (ECF No. 15 at 5-6.) A review of public records demonstrates that Mr. Ellerby has since been convicted of both aggravated and simple assault and is currently incarcerated at SCI Phoenix. *See Commonwealth v. Ellerby*, CP-39-CR-0003615-2019 and CP-39-CR-0003616-2019 (C.P. Lehigh). The Court will screen Mr. Ellerby's Second Amended Complaint accepting that he was a pretrial detainee at Lehigh County Prison when the events occurred.

*see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees.") (internal citations omitted).

In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, the United States Court of Appeals for the Third Circuit has stated that prison officials may be deliberately indifferent to a pervasive risk of harm to an inmate where: (1) the officials are warned by an inmate that the inmate is concerned about his safety and, (2) aware of the warning, the officials either do nothing or their response, if any, comes too late to be of any help to the inmate. *See Young v. Quinlan*, 960 F.2d 351, 361, 363 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000)). In elaborating on the deliberate indifference standard in that situation, the Third Circuit stated that "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Id.* at 361. Noting that the phrase "should have known" is a term of art, the Third Circuit went on to state that the phrase "should have known"

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk . . ., though something less than subjective appreciation of that risk.

*Id.*, citing *Colburn v. Upper Darby Township*, 946 F.2d 1017 (3rd Cir. 1991). Furthermore, the "'strong likelihood' of [harm] must be 'so obvious that a lay person would easily recognize the necessity for' preventive action." *Young*, 960 F.2d at 361, (citing *Monmouth County*

9

*Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987)). In other words, there must not only be a great risk of injury, but it must also be so apparent "that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." *Colburn*, 946 F.2d at 1025.

As the Court has previously found with respect to his prior pleadings, Mr. Ellerby's allegation concerning the threat to his safety from being transported on the same day and/or being placed on the same cell block as Mr. Edwards is still insufficient to state a plausible claim against either Mr. Miller or Mr. Dawson under this standard. Other than his conclusory assertion that Mr. Miller acted with deliberate indifference, which as noted is insufficient under *Iqbal*, the only substantive allegation Mr. Ellerby makes is that Officer Jordan, who is not named as a defendant, filed an incident report sometime before the March 2020 transfer regarding a prior altercation between him and Mr. Edwards. (ECF No. 15 at 5.) Mr. Ellerby's vague assertion that Mr. Dawson said, "lets [sic] see how it plays out" does not plausibly establish that either Mr. Miller or Mr. Dawson were deliberately indifferent to a pervasive risk of harm since Mr. Ellerby alleges nothing more than Mr. Miller and Mr. Dawson failed to appreciate the risk of another altercation. The conclusory and vague allegations in Mr. Ellerby's Second Amended Complaint fail to plausibly establish that either Mr. Miller or Mr. Dawson consciously disregarded a serious risk to Mr. Ellerby's health or safety.

### B. Official Capacity Claim as to Mr. Miller

Mr. Ellerby asserts official capacity claims against Mr. Miller, who is alleged to be a treatment supervisor at Lehigh County Prison. (ECF No. 15 at 2.) Claims against municipal officials named in their official capacity are indistinguishable from claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . .

10

. 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). That is because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. In other words, Mr. Ellerby's official capacity claims are effectively claims against Lehigh County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Alternatively, a plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 f.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers

11

know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Mr. Ellerby's Second Amended Complaint has no allegations connecting the alleged constitutional violations he allegedly suffered to any municipal policy or custom, or to any failure to train, supervise or discipline Mr. Miller. The Court will therefore dismiss Mr. Ellerby's official capacity/municipal liability claims against Mr. Miller as not plausible.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint. Having reviewed the docket in its entirety, Mr. Ellerby has not been able to allege a plausible claim despite multiple opportunities to amend. Accordingly, the Court concludes that further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). Mr. Ellerby's Second Amended Complaint is dismissed with prejudice in its entirety. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.